UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
**Raleigh Division**

JOHN MOORE, :
:
    Plaintiff, :
:
v. : Civil Action No.: _____
:
CORELOGIC SAFERENT, LLC, :
:
SERVE: Corporation Service Company :
       327 Hillsborough Street :
       Raleigh, NC 27603 :
:
    Defendant. :

## COMPLAINT

Plaintiff, John Moore ("Plaintiff"), by counsel, and as for his complaint against the Defendant, states as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought against Defendant pursuant to 15 U.S.C. § 1681, *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

## PARTIES

3. The Plaintiff is a natural person and "consumer" as protected and governed by the FCRA.

4. Defendant CoreLogic SafeRent, LLC ("SafeRent") is a Delaware limited liability company that is registered to conduct business in North Carolina.

5. SafeRent is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

6. Plaintiff applied to rent an apartment at various apartment complexes.

7. In connection with Plaintiff's rental applications, the apartment complexes each requested his background consumer report from the Defendant.

8. Thereafter, Defendant provided Plaintiff's consumer background report to these apartment complexes.

9. The reports that Defendant furnished to the apartment complexes regarding the Plaintiff included criminal history information that did not belong to him. Instead, they concerned a different individual who was entirely unrelated to the Plaintiff and had a different social security number.

10. For example, Defendant's report outrageously stated that Plaintiff was convicted of distribution of drugs to a minor, voluntary manslaughter, and sexual battery.

11. Plaintiff was never charged with any of these crimes.

12. Plaintiff was never convicted of any of these crimes.

13. Defendant obtained the records that it reported about the Plaintiff by using an internally developed computer program to "webscrape" the information from the Virginia Supreme Court's website.

14. In choosing to obtain the records that it reported about the Plaintiff by webscrape,

2

Defendant was unable to obtain all identifying information about the offender to whom the criminal convictions actually belonged.

15. For example, the Supreme Court of Virginia never publishes an offender's year of birth on its website.

16. However, an offender's year of birth is contained in Virginia criminal record files at the courthouse.

17. Defendant could have obtained this information had it gone to the courthouse and requested a paper copy of the court file.

18. However, it decided to use the more cost efficient and faster method of the "webscrape" program to obtain the information that it reported about the Plaintiff, knowing that it could not obtain all of the information in the file from the Virginia Supreme Court website.

19. In creating and furnishing Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure that the reports it furnished were as accurate as possible. For example, by failing to obtain the year of birth of the offender in the public record information that it reported about the Plaintiff, Defendant allowed and/or used very loose match criteria to place the very serious criminal conviction in the Plaintiff's consumer report.

20. At the time that it published these reports, the Defendant knew from many other previous lawsuits filed against it—including those by present counsel—that its reports were not only unreasonable, but that there was a substantial possibility that use of these "loose matching" procedures would return criminal records that were not properly attributable to the Plaintiff.

21. Defendant's failure to follow reasonable procedures to assure that its reports only contained accurate information was a substantial factor in the rejection of Plaintiff's application at the apartment complexes and other related actual harm that he suffered.

22. At all times pertinent to this Complaint, Defendant's conduct regarding the preparation of Plaintiff's consumer file was willful and carried out with reckless disregard for the Plaintiff's rights as set forth under the FCRA. By example only and without limitation, Defendant's conduct was willful because it was intentionally accomplished through intended procedures and because Defendant's loose matching procedures do not constitute reasonable procedures to assure the maximum possible accuracy in the report that it prepared. Defendant could drastically increase the accuracy of its reports by requiring strict matching identification—such as a full name, complete date of birth, and full social security match—before placing information into a consumer's file. Upon information and belief, Defendant elected not to use these more rigorous standards because it would decrease the speed with which it could prepare consumer report and would increase its cost to prepare the report.

23. Defendant knew or should have known about its legal obligations under the FCRA. The plain language of the FCRA, the Federal Trade Commission's regulations, and the Consumer Financial Protection Bureau's regulations make these obligations clear.

24. Upon information and belief, Defendant has not, and does not intend, to modify its procedures to comply with § 1681e(b) of the FCRA because compliance would drastically increase its operating expenses.

25. Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

26. At all times pertinent to this Complaint, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Defendant's direct supervision and control.

27. Therefore, the Defendant's conduct was willful and the Defendant is liable for

4

actual, statutory, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n, in addition to reasonable attorney's fees and costs.

28. In the alternative, the Defendant's conduct was negligent, and the Defendant is liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681o, in addition to reasonable attorney's fees and costs.

## COUNT I - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

29. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

30. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of each of the consumer reports that it furnished regarding the Plaintiff.

31. Because of Defendant's conduct, Plaintiff suffered actual damages.

32. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, the Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JOHN MOORE**

By:    s/Leonard A. Bennett
Leonard A. Bennett, NC Bar No. 21576
ATTORNEY FOR PLAINTIFF
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

6