IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:17-cv-00024-FL

JOHN MOORE, )
)
    Plaintiff, )
)
v. )
)
CORELOGIC SAFERENT, LLC, )
)
    Defendants. )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant CoreLogic SafeRent, LLC[1] ("SafeRent"), through its counsel, submits the following Answer to Plaintiff's Complaint. SafeRent denies all allegations in the Complaint that it does not expressly admit in this Answer. SafeRent further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. SafeRent responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

## FIRST DEFENSE

## INTRODUCTION

1. SafeRent admits that Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* SafeRent denies that it has violated the FCRA in the manner alleged.

---

[1] SafeRent changed its name effective May 12, 2016 to CoreLogic Rental Property Solutions, LLC. For purposes of this Answer, SafeRent has responded as "SafeRent."

## JURISDICTION

2. The allegations in paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 2 are contrary to law, they are denied.

## PARTIES

3. The allegations in paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 3 are contrary to law, they are denied.

4. In response to the allegations in paragraph 4 of the Complaint, SafeRent admits that it is a Delaware limited liability company that is registered to conduct business in North Carolina.

5. SafeRent admits that it transmits information to landlords regarding prospective tenants. The remaining allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 5 are contrary to law, they are denied.

## FACTUAL ALLEGATIONS

6. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same. To the extent the allegations in paragraph 10 refer to a document, which speaks for itself, SafeRent denies any allegations that are inconsistent with the document.

11. SafeRent lacks information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12. SafeRent lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, therefore, denies the same.

13. SafeRent has, at times, used software designed to retrieve complete and accurate copies of public criminal records from the official government websites maintained by courts in Virginia. SafeRent denies the remaining allegations in paragraph 13 of the Complaint.

14. SafeRent denies the allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 reference the content of websites maintained by third-party court systems in Virginia, which content speaks for itself. SafeRent denies any allegations that are inconsistent with the contents of the referenced website. SafeRent denies the remaining allegations in paragraph 15 of the Complaint.

16. SafeRent lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, therefore, denies the same.

17. SafeRent lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, denies the same.

18. SafeRent denies the allegations in paragraph 18 of the Complaint.

19. SafeRent denies the allegations in paragraph 19 of the Complaint.

20. SafeRent denies the allegations in paragraph 20 of the Complaint.

21. SafeRent denies the allegations in paragraph 21 of the Complaint.

22. SafeRent denies the allegations in paragraph 22 of the Complaint.

23. SafeRent denies the allegations in paragraph 23 of the Complaint.

24. SafeRent denies the allegations in paragraph 24 of the Complaint.

25. SafeRent denies the allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 26 are contrary to law, they are denied.

27. SafeRent denies the allegations in paragraph 27 of the Complaint.

28. SafeRent denies the allegations in paragraph 28 of the Complaint.

## COUNT I – FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

29. SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

30. SafeRent denies the allegations in paragraph 30 of the Complaint.

31. SafeRent denies the allegations in paragraph 31 of the Complaint.

32. SafeRent denies the allegations in paragraph 32 of the Complaint.

33. SafeRent denies the allegations in paragraph 33 of the Complaint.

34. SafeRent denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the Complaint.

35. SafeRent denies any allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that SafeRent bears the burden of proof as to any of them, SafeRent asserts the following defenses. SafeRent intends to rely on any additional defenses that become available or

- 4 -
Case 5:17-cv-00024-FL   Document 12   Filed 03/03/17   Page 4 of 8

apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## SECOND DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against SafeRent, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from SafeRent.

## THIRD DEFENSE

Plaintiff cannot recover against SafeRent to the extent that the Complaint, and its purported cause of action, is barred by any applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information SafeRent communicated to any third person regarding Plaintiff was true.

## FIFTH DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA. Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

## SIXTH DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, SafeRent acted in good faith and complied fully with the FCRA and other relevant laws.

## SEVENTH DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which SafeRent continues to deny, were the result of acts or omissions of third persons over whom SafeRent had neither control nor responsibility.

## EIGHTH DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom SafeRent had neither control nor responsibility.

## NINTH DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## TENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## ELEVENTH DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against SafeRent, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. SafeRent is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

SafeRent reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, SafeRent requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of SafeRent;

3. Award SafeRent its attorney's fees and costs of suit incurred in defending against the Complaint; and

4. Award SafeRent such other relief the Court deems appropriate.


This the 3rd day of March, 2017.

                TROUTMAN SANDERS LLP

                By: /s/ D. Kyle Deak
                    D. Kyle Deak
                N.C. Bar No. 35799
                434 Fayetteville Street, Suite 1900
                Raleigh, North Carolina 27601
                Telephone: (919) 835-4133
                kyle.deak@troutmansanders.com

                *Attorneys for the Defendant*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that notices would be delivered electronically to counsel for the parties.

> Leonard A. Bennett
> Consumer Litigation Associates, P.C.
> 763 J. Clyde Morris Blvd., Suite 1-A
> Newport News, VA 23601
> lenbennett@clalegal.com
>
> *Counsel for Plaintiff*
>
>
> TROUTMAN SANDERS LLP
>
> By: ___/s/ D. Kyle Deak____
>    D. Kyle Deak
> N.C. Bar No. 35799
> 434 Fayetteville Street, Suite 1900
> Raleigh, North Carolina 27601
> Telephone: (919) 835-4133
> kyle.deak@troutmansanders.com
>
> *Attorneys for Defendant*

30519607

- 8 -
Case 5:17-cv-00024-FL   Document 12   Filed 03/03/17   Page 8 of 8